UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **YOLANDA M WILLIAMS,** *Plaintiff* § § § | |
| **v.** § § § | No. 1:25-CV-00197-RP |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** *Defendant* § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Yolanda M. Williams's motion for sanctions, Dkt. 22, and all related briefing. Having reviewed the filings and relevant law, the undersigned recommends that the District Judge **DENY** Williams's motion.

**I.   DISCUSSION**

Williams moved for sanctions against Defendant Commissioner of Social Security Administration (the "Commissioner") based on the Commissioner's alleged failure to timely file an answer or a response to Williams's complaint and opening brief, respectively. Dkt. 22, at 1. Williams also complains that she "only received via email" the Commissioner's recent filings. *Id.* In response, the Commissioner points out that under the Supplemental Rules for Social Security Actions, he properly and timely filed a copy of the administrative record in lieu of an answer. Dkt. 23, at 1; Fed. R. Civ. P. Supp. SS. 4(b). Moreover, the Commissioner highlights that he timely

1

requested an extension to the deadline to file a responsive brief and that Williams herself requested that she receive notice of filings electronically. *Id.* at 2-4.

The undersigned finds Williams's motion for sanctions to be without merit. First, the Commissioner properly filed a copy of the administrative transcript (in lieu of an answer) by the deadline to do so under the Supplemental Rules for Social Security Actions. Dkt. 8; Fed. R. Civ. P. Supp. SS. 4(b) ("An answer may be limited to a certified copy of the administrative record[.]"). Second, the Commissioner requested, and the Court granted for good cause shown, the Commissioner's request for an extension of time to file his response brief so it is not untimely. Dkts. 19; 24. Finally, Willliams herself requested that she be granted permission to file electronically. Dkts. 10; 12. In its order granting her request, the Court advised Williams that once she had registered to file electronically, "the Court [would] assume that she timely receives electronic notifications and reviews all docket activity." Dkt. 12, at 1. Because the Commissioner has complied with all the applicable rules governing this lawsuit, the undersigned finds that Williams's motion should be denied.[1]

## II.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Williams's motion for sanctions, Dkt. 22.

---

[1] The undersigned cautions Williams against filing further motions accusing the Commissioner of sanctionable misconduct that are devoid of any factual or legal basis.

### III. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 12, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE